IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tingting Gao, | No. CV-26-02395-PHX-MJM (MTM) |
| Petitioner, | **ORDER** |
| v. | |
| David Rivas, et al., | |
| Respondents. | |

Petitioner has been detained by U.S. Immigration and Customs Enforcement (ICE) pending her removal. Citing *Zadvydas v. Davis*, 533 U.S. 678 (2001), she petitions for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) Petitioner contends that there is no significant likelihood of her removal in the reasonably foreseeable future and seeks immediate release. In an April 9, 2026 Order (Doc. 3), the Court directed Respondents to respond to the Petition. The matter is fully briefed. (Docs. 7, 8.) For the following reasons, the Court will grant the Petition and order that Petitioner be immediately released from custody.

**I.    Background**

Petitioner is a native and citizen of the People's Republic of China. She arrived at the United States border on March 29, 2025, was apprehended and processed for expedited removal, and has remained in federal detention since that time.[1] She was issued an administratively final expedited removal order on July 7, 2025.

---

[1] Respondents aver that upon her entry into the United States, Petitioner was

Respondents maintain "ICE must follow a two-step process to request travel documents from China: first, it must submit an 'identity and nationality verification request' to China; then, once China has verified the nationality and identity of the subject of the request, ICE may request a travel document.  ICE has submitted an identity and nationality verification request to China, which is presently processing the request." (Doc. 7 at 2 (internal citations omitted).)

As of the date of this Order, Petitioner remains detained by ICE.

## II.    Legal Standard

Petitioner's continued detention is governed by 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001).  Under § 1231(a)(1), the Government has 90 days in which to remove an alien once a removal order becomes final. Detention during this removal period is mandatory.  8 U.S.C. § 1231(a)(2).  If the Government is unable to effect removal within the 90-day removal period, however, continued detention of aliens such as Petitioner becomes discretionary.  8 U.S.C. § 1231(a)(6).  That discretion, however, is not unfettered, and indefinite detention is not permitted.  *Zadvydas*, 533 U.S. at 689 (stating that 8 U.S.C. § 1231(a)(6) "does not permit indefinite detention").  This is not to say that every alien like Petitioner must be released once the 90-day removal period has expired.  *Zadvydas*, 533 U.S. at 701.  Rather, the Supreme Court in *Zadvydas* recognized an implicit post-§ 1231(a)(2) period in which continued detention is "presumptively reasonable" and does not violate the Fifth Amendment.  *Id.* The *Zadvydas* Court concluded that this "presumptively reasonable" period extends for no more than six months once an order of removal becomes final (including the 90-day mandatory detention period under § 1231(a)(2)).  *Id.*  Thereafter, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."  *Id.*  If the Court finds that

---

"paroled into the United States pursuant to Immigration & Nationality Act (INA) § 212(d)(5) for detention by the Federal Bureau of Prisons as a material witness." (Docs. 7-1 ¶ 7.)  Petitioner was returned to immigration detention from BOP detention on July 8, 2025.  (*Id.* ¶ 9.)

"removal is not reasonably foreseeable," it "should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699.

### III.    Discussion

To obtain relief, Petitioner must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. If Petitioner does so, Respondents "must respond with evidence sufficient to rebut that showing." *Id.* Petitioner has made the requisite showing. There is no dispute Petitioner has remained in immigration detention since July 8, 2025, following her final order of removal and the only action Respondents have taken is a single request to verify her identity.

The Court finds this sufficient to establish "good reason" to believe that there is no significant likelihood of Petitioner's removal in the reasonably foreseeable future. The burden thus shifts to Respondents to respond with evidence sufficient to rebut this showing.

Respondents have not carried their evidentiary burden. A bare assertion that the Government is awaiting verification of Petitioner's identity, without any further action, does not establish a significant likelihood of removal in the reasonably foreseeable future. The Supreme Court in *Zadvydas* made clear that the Government's "good faith efforts" to effect removal are not alone sufficient. 533 U.S. at 702.

The Supreme Court held in *Zadvydas* that "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." 533 U.S. at 701. Petitioner has been detained nearly twice the presumptively reasonable period, has provided good reason to believe that her removal is not significantly likely to occur in the reasonably foreseeable future, and Respondents have failed to rebut that showing. Accordingly, the Court finds that Petitioner's continued detention is no longer authorized by § 1231(a)(6) and violates the Fifth Amendment. The Court will grant the Petition.

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **granted**.

**IT IS FURTHER ORDERED** that Respondents must **immediately release** Petitioner from custody.

**IT IS FURTHER ORDERED** that Respondents must provide a notice of compliance within **two business days** of Petitioner's release.

**IT IS FURTHER ORDERED** that the Clerk of Court must enter judgment in Petitioner's favor and close this case.

IT IS SO ORDERED.

DATED this 17th day of July, 2026.

_____
Michael J. McShane
United States District Judge